TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-806 |
| of | : | |
| | : | November 17, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE MIKE THOMPSON, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following question:

Does a county board of supervisors or the county emergency medical services agency have the authority to designate the location of trauma facilities in the county?

CONCLUSION

The county emergency medical services agency, and not the county board of supervisors, has the authority to designate the location of trauma facilities in the county.

ANALYSIS

In 1980 the Legislature enacted a comprehensive statutory scheme, the Emergency Medical Services System and the Prehospital Emergency Medical Care Personnel Act (Health & Saf. Code, §§ 1797-1799.207; "Act") **Footnote No. 1** to establish a statewide system for providing emergency medical services to those in need thereof. (*Valley Medical Transport, Inc*. v. *Apple Valley Fire Protection Dist*. (1998) 17 Cal.4th 747, 754; *County of San Bernardino* v. *City of San Bernardino* (1997) 15 Cal.4th 909, 914-916.) The Act is administered by the Emergency Medical Services Authority ("Authority") at the state level (§ 1797.1) and by an emergency medical service agency ("EMS agency") at the local county level (§ 1797.200). Section 1797.200 provides:

"Each county may develop an emergency medical services program. Each county developing such a program shall designate a local EMS agency which shall be the county health department, an agency established and operated by the county, an entity with which the county contracts for the purposes of local emergency medical services administration, or a joint powers agency created for the administration of emergency medical services . . . ."

The question presented for resolution concerns whether a county board of supervisors or the local EMS agency is responsible under the terms of the Act for selecting the location of necessary trauma facilities. We conclude that the EMS agency has the sole statutory obligation.

Section 1798.165 specifically controls the siting of trauma facilities. It states:

"(a) *Local emergency medical services agencies may designate trauma facilities* as part of their trauma care system pursuant to the regulations promulgated by the authority.

"(b) The health facility shall only be designated to provide the level of trauma care and services for which it is qualified and which is included within the system implemented by the agency.

"(c) No health care provider shall use the terms 'trauma facility,' 'trauma hospital,' 'trauma center,' 'trauma care provider,' 'trauma vehicle,' or similar terminology in its signs or advertisements, or in printed materials and information it furnishes to the general public, unless the use is authorized by the local EMS agency." (Italics added.)

Subdivision (b) of section 1798.160 defines a "trauma facility" as follows:

"'Trauma facility' means a health facility, as defined by regulation, which is capable of treating one or more types of potentially seriously injured persons and *which has been designated as part of the regional trauma care system by the local EMS agency*. A facility may be a trauma facility for one or more services, as designated by the local EMS agency." (Italics added.)

The regulations adopted by the Authority (Cal. Code Regs., tit. 22, §§ 100000.1-100334) **Footnote No. 2** in administering the Act refer to trauma facilities as "trauma centers" (Reg. 100250), classifying them as "Level 1" (Reg. 100260), "Level II" ( Reg. 100261), or "Level III" (Reg. 100262). A trauma center is "a licensed general acute care hospital which has been designated as a Level I, II, or III trauma center by the local EMS Agency in accordance with this chapter." (Reg. 100250.) Regulation 100254, subdivision (j) states: "No health care facility shall advertise in any manner or otherwise hold themselves out to be a trauma center unless they have been so designated by the local EMS Agency, in accordance with this Chapter." The local EMS agency is required under the Authority's regulations to "designate a single trauma center of the highest level possible" within a given service area. (Reg. 100255, subd. (b)(3).)

It is apparent that the Act and implementing regulations require the local EMS agency, rather than the county board of supervisors, to designate trauma facilities. It is evident that medical knowledge is necessary to make such determinations. (See Regs. 100260-100262.) A designation is not a local issue to be resolved politically, but instead is a medical decision to be made by medically trained officials in carrying out the Act's purposes of providing "the state with a statewide system for emergency medical services." (§ 1797.1; see also § 1797.5; *Memorial Hospital Assn.* v. *Randol* (1995) 38 Cal.App.4th 1300, 1310 [when requiring a determination to be made by the local EMS agency, which has a physician as its medical director, the Legislature indicates that it wants the decision to be "a professional, not a political determination"].)

Both the language of the Act and its implementing regulations, as well as the legislative purposes to be served, require the local EMS agency to designate the location of all trauma facilities based upon medical factors, not political considerations.

We conclude that the county EMS agency, and not the county board of supervisors, has the authority to designate the location of trauma facilities in the county.

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Health and Safety Code are by section number only.
**Footnote No. 2**
All references hereafter to title 22 of the California Code of Regulations are by regulation number only.